S00G1851. GEORGIA DEPARTMENT OF NATURAL RESOURCES et al. v. THERAGENICS CORPORATION.
(545 SE2d 904)

CARLEY, Justice.

Appellee Theragenics Corporation is a Georgia company that develops, manufactures and sells radioactive "seeds" for use in a cancer treatment procedure known as brachytherapy. The active element in the seeds is Palladium-103 (Pd-103), which does not exist in nature and which Theragenics manufactures by using its own proprietary method. Theragenics was the first company to produce and market a Palladium seed, and it is apparently only one of two that currently produces a Pd-103 seed. Because radioactive material is used in manufacturing the product, Theragenics's operations are subject to regulation by the Environmental Protection Division (EPD) of the Georgia Department of Natural Resources. In order to obtain and maintain a license to operate in Georgia, Theragenics was required to furnish EPD with detailed information regarding all aspects of its operation. This resulted in Theragenics filing a significant number of documents with EPD. Of that material, Theragenics only designated approximately one-third as "proprietary" or "confidential." In November of 1997, EPD received a request under the Georgia Open Records Act, OCGA § 50-18-70 et seq., to review Theragenics's files. This request was made by an attorney representing International Brachytherapy, S. A. (IBt), a competitor whose principals are former Theragenics employees and against which Theragenics had a pending trade secret misappropriation action. EPD informed Theragenics of the request, and of its intent to disclose all material which was not expressly marked as confidential or proprietary material when originally filed. Theragenics reviewed its files, and informed EPD that many of the items that were not specifically designated as trade secrets contained protected information. Theragenics identified and marked those documents considered to contain trade secrets, and requested EPD to refrain from disclosing that material to IBt. However, EPD informed Theragenics that it would provide access to all papers which were not designated as trade secrets at the time of original filing. Theragenics sought injunctive

relief. The trial court denied a preliminary injunction, concluding that Theragenics failed to take reasonable efforts to protect its trade secrets when it did not specifically notify EPD at the time of filing which documents contained protected information. The Court of Appeals reversed, holding that

> [i]f reasonable efforts were made to protect the dissemination of the information except for providing it to the EPD, then trade secret status was not lost simply because Theragenics did not notify EPD each time that it provided them with information containing trade secrets.

*Theragenics Corp. v. Dept. of Natural Resources*, 244 Ga. App. 829, 831 (536 SE2d 613) (2000). Although Theragenics subsequently settled the action against IBt and IBt withdrew its Open Records request to EPD, this Court nevertheless granted certiorari in order to review the decision of the Court of Appeals. Because the dispositive factor is EPD's obligation under the Open Records Act, rather than the Appellee's responsibility under the Trade Secrets Act, we affirm the judgment of the Court of Appeals.

Under the Trade Secrets Act, a trade secret must be "the subject of efforts that are reasonable *under the circumstances* to maintain its secrecy." (Emphasis supplied.) OCGA § 10-1-761 (4) (B). EPD urges that Theragenics did not make reasonable efforts to protect its trade secrets because it did not designate them as such at first filing. However, Theragenics provided its proprietary information to EPD only because governmental regulatory requirements compelled it to do so. Thus, the reasonableness of the disclosure under those particular circumstances requires a consideration of the obligations imposed on EPD by the Open Records Act.

OCGA § 50-18-72 (b) (1) clearly provides that any trade secrets that Theragenics was required to provide to EPD are not thereafter to be disclosed by that agency to anyone seeking access pursuant to the Open Records Act. By its terms, this trade secrets exception to disclosure under the Act is not expressly limited to only those documents which were specifically identified as confidential at the time they were submitted to the government agency. To the contrary, the burden is placed on the custodian of public records to determine, within three business days of a request for access, "whether or not the record or records requested are subject to access. . . ." OCGA § 50-18-70 (f). Thus, EPD was responsible for protecting the trade secrets which Theragenics was compelled to provide to it, and that agency had "the duty . . . to provide all *other* portions of [Theragenics's] record for public inspection or copying." (Emphasis supplied.) OCGA § 50-18-72 (g).

EPD is certainly not an insurer against disclosure of trade secrets. If it "provides access to information in good faith reliance on the requirements of" the Open Records Act, it "shall not be liable in any action on account of having provided access to such information." OCGA § 50-18-73 (c). Thus, it would be a prudent practice for a regulated party, such as Theragenics, who is required to file materials with EPD to designate at the outset what materials it considers to be its proprietary trade secrets, and thereafter to make periodic reviews of its material on file to determine whether all such confidential material has been or continues to be identified and protected against disclosure. Because the Open Records Act places ultimate responsibility for non-disclosure on EPD, however, it cannot simply rely upon Theragenics's failure to identify all of its trade secrets at the time of original filing as a waiver of the confidentiality of its proprietary material. Within the three-day period that a governmental custodian of records has to respond to a request for access, it can undertake its own good faith review to determine whether all trade secrets have been designated by the filer or, as EPD did here, the custodian can inform the regulated party of the request and solicit a designation from that source as to those matters deemed confidential. Once that determination is made, either by the custodian or by the filer itself, the former need only "specify in writing" that OCGA § 50-18-72 (b) (1) is "the specific legal authority exempting such record or records from disclosure. . . ." OCGA § 50-18-72 (h).

A business entity does not lose the right to assert that material is a trade secret unless it does not make reasonable efforts to prevent disclosure to those to whom it is not otherwise legally required to divulge the information. Thus, so long as Theragenics has attempted to prevent its competitors or the public at large from obtaining its proprietary material, EPD cannot contend that the compelled governmental disclosure without an initial claim of confidentiality authorizes it to make a future disclosure of that which Theragenics has at all times in the past tried to protect. There is no contention that any of the material on file with EPD that Theragenics originally or subsequently designated as trade secrets lost its confidentiality by disclosure other than to that regulatory agency. Accordingly, the Court of Appeals correctly reversed the trial court's denial of appellee's application for a preliminary injunction against EPD's unauthorized disclosure of proprietary material.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Thurbert E. Baker, Attorney General, Robert S. Bomar, Deputy*

*Attorney General, Isaac Byrd, Senior Assistant Attorney General, John E. Hennelly, Assistant Attorney General,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, John W. Harbin, Tracy M. Culver, Adam P. Princenthal, Chorey, Taylor & Feil, Otto F. Feil III, Celeste McCollough,* for appellee.

*Susan M. Pruett, Ted C. Baggett, James F. Grubiak, Kelly J. Pridgen, James E. Elliott, Jr.,* amici curiae.